IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PATRICK LEE STROUD**                                                                                   **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 1:19-CV-143-RP**

**ANDREW M. SAUL, COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                     **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Patrick Lee Stroud filed suit under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 11. The Court, having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, and for the reasons set forth on the record at the conclusion of the hearing, finds that the Commissioner's decision is not supported by substantial evidence.

The Commissioner used an improper legal standard in evaluating whether Plaintiff met Listing 12.15 for his post-traumatic stress disorder (PTSD). The Social Security Administration revised the Listings for metal disorders effective January 17, 2017. Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01, 2016 WL 5341732 (Sept. 26, 2016) (effective Jan. 17, 2017). The revised criteria were to be used for all claims pending on or after the effective date and contain the following "paragraph C" criteria to be used in evaluating Listing 12.15:

> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); *and*
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.15. Because Plaintiff's claim for benefits was pending on January 17, 2017, the revised medical criteria applies to Plaintiff's claim.

However, in evaluating Plaintiff's PTSD under Listing 12.15, the ALJ applied the old "paragraph C" criteria which was no longer in effect.[1] Specifically, the decision states:

> the evidence does not establish repeated episodes of decompensation, each of extended duration; a residual disease process which has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or a history of one or more years' inability to function outside a highly supporting living arrangement, with an indication of continued need for such an arrangement.

Docket 8 at 15. The ALJ failed to apply the correct legal standard which requires consideration of whether Plaintiff's medical records evidence "a serious and persistent disorder over a period of at least 2 years with evidence of both ... [m]edical treatment, mental health therapy,

---

[1] C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
    1. Repeated episodes of decompensation, each of extended duration; or
    2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
    3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.
Social Security Administration's Program Operations Manual System ("POMS"), DI 34132.009, https://secure.ssa.gov/poms.nsf/lnx/0434132009 (last visited May 5, 2020).

psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of his mental disorder ... [or] ... [m]arginal adjustment." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.15.

Because the ALJ did not rely on the correct legal standards in evaluating Plaintiff's PTSD under Listing 12.15, the case must be reversed and remanded for further administrative proceedings. *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989) (holding that "where […] the Secretary has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial); *see also Hughes v. Shalala*, 23 F.3d 957, 959 (5th Cir. 1994) (vacating and remanding where unable to determine if ALJ used correct legal standard in evaluating Listing for obesity). Therefore, the Commissioner's decision is reversed and remanded for a rehearing of Plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 6th day of May, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE